UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

$\qquad$ *Plaintiff-Appellee,*

v.

KIMBERLY MOFFETT,

$\qquad$ *Defendant-Appellant.*

No. 00-4605

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-97-185-MU)

Submitted: May 31, 2001

Decided: June 28, 2001

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Rodney E. Alexander, MAYER, BROWN & PLATT, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kimberly Moffett pleaded guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). She now appeals her conviction and 120-month sentence. We affirm.

Moffett first attacks the validity of her guilty plea, arguing that it lacked a sufficient factual basis and that she did not fully comprehend the charge against her. We accord great deference to the manner in which a district court conducts a Fed. R. Crim. P. 11 proceeding, and evaluate alleged Rule 11 violations under a harmless error standard. *See United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). We vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affects the defendant's substantial rights. *Id.* at 117.

Here, we find no basis for vacating Moffett's guilty plea. The district court informed her of the elements of the crime charged—a simple conspiracy. Moffett acknowledged that she was, in fact, guilty of conspiracy to distribute in excess of 1.5 kilograms of cocaine base. Further, at sentencing, she acknowledged that she had accepted money in exchange for allowing drug dealers to use her home for drug transactions. There was a clear factual basis for the plea, and our review of the guilty plea transcript reveals that Moffett was fully aware of the nature of the crime to which she was pleading guilty.

Moffett did not object to the district court's failure to reduce her offense level for her allegedly minor role in the offense or to the court's finding her responsible for 1.5 kilograms of cocaine base. "Absent plain error, appellate review of a sentence is waived when the defendant fails to object to the sentence calculation in the district court." *United States v. Grubb*, 11 F.3d 426, 440 (4th Cir. 1993). We find no plain error, given Moffett's admissions that she was responsible for 1.5 kilograms of cocaine base and that she facilitated drug transactions at her home in exchange for money.

Finally, Moffett asserts that counsel was ineffective for failing to complain about the alleged sentencing errors. Because ineffectiveness

does not conclusively appear on the face of the record, we shall not consider this claim on direct appeal. *See United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998).

We therefore affirm. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*